## Commonwealth v. Dommel.

K. L. *Shirk*, for rule; S. V. *Hosterman*, District Attorney, contra.

LANDIS, P. J., Jan. 18, 1930.—On Dec. 6, 1928, Herr & Co. leased to Edna Eshleman, a Pontiac coupé. The amount to be paid thereon was $301. The whereabouts of Edna Eshleman are stated to be unknown. Subsequently, this machine came into the hands of Charles Dommel. It was in his possession while he was transporting liquor. He was arrested, tried and convicted of this offense. The machine was condemned under an order of the court, and it was sold at public sale by the sheriff for $75. After the payment of costs of the sale, the balance was paid into the county treasury. The amount due on the lease is $252.

Herr & Co. transferred this lease to the Commercial Loan and Finance Corporation. On March 23, 1929, that company presented its petition to the court, showing the amount due to it, and also that it had made proper inquiry as to the responsibility of Edna Eshleman when it took the lease, and that it had no knowledge that the automobile was being or was to be used for illegal or immoral purposes. Those facts have been satisfactorily established.

By section 11 *(B*, III) of the Act of March 27, 1923, P. L. 34, it is provided that "in the case of any vehicle, team, conveyance or craft seized under the provisions of this act and condemned as aforesaid, the court shall order a public sale thereof by the sheriff of the county—notice of which sale shall be given in the same manner as notice is required to be given of the sale of personal property under a writ of *fieri facias*—the proceeds of such sale to be paid to the county treasurer for the use of the county. In the event that any such vehicle, team, conveyance or craft is, when so seized, held and possessed under a bailment lease or contract, and the legal title thereto is in another person who shall prove that the unlawful use for which the same was seized was without his knowledge or consent, then the claim of the bailor for money due under said bailment lease or contract shall attach to and be paid out of the funds derived from said sale after payment of costs. . . ." This provision of the Act of 1923 covers the present case. The ownership of the automobile was clearly shown to have been in the finance corporation when it was seized; there was no evidence that the owner knew, or ought to have known, that it was used for an illegal purpose when the seizure was made, and there was shown to be due to the petitioner on the lease more than the amount covered into the county treasury upon its sale.

It is, therefore, ordered that the county treasurer pay to the Commercial Loan and Finance Corporation the sum of $64.25, the net proceeds of said sale.

From George Ross Eshleman, Lancaster, Pa.